FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Anna Kadyshevich
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
akadyshevich@fkks.com

*Attorneys for Defendant John Wiley & Sons, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PALMER/KANE LLC,

                Plaintiff,

    -against-

JOHN WILEY & SONS, INC.,

                Defendant.

------------------------------------------------------------X

Index No. 14-CV-7994 (LTS)

**ANSWER**

Defendant John Wiley & Sons, Inc. ("Defendant" or "Wiley"), by its attorneys, Frankfurt Kurnit Klein & Selz, P.C., for its answer to the complaint (the "Complaint") of plaintiff Palmer/Kane LLC ("Plaintiff"), responds and alleges as follows:

### JURISDICTION AND VENUE

1.     In response to the allegations in Paragraph 1 of the Complaint, Wiley admits that this is an action for copyright infringement, but denies that Wiley has infringed any of Plaintiff's rights.

2.     The allegations in Paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3. The allegations in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Wiley admits that it is a New York corporation and that it conducts business in the State of New York, but denies that it infringed any of Plaintiff's rights.

4. The allegations in Paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Wiley admits that it conducts business in the State of New York, but denies that it infringed any of Plaintiff's rights.

## THE PARTIES

5. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Wiley admits the allegations in Paragraph 11 of the Complaint.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Wiley admits that it is engaged in the business of publishing.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Wiley admits that it has various business units and publishes under certain brands, but denies the remaining allegations therein.

## FACTS

14. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Wiley denies the allegations contained in Paragraph 17 of the Complaint.

18. Wiley denies the allegations contained in Paragraph 18 of the Complaint.

19. Wiley denies the allegations contained in Paragraph 19 of the Complaint.

20. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 20 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 20 of the Complaint, and refers the Court to the publications and website referenced therein for the contents thereof.

21. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 21 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 21 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

22. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 22 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 22 of the Complaint, except to admit that *Frommer's* was a Wiley imprint until August 2012, and refers the Court to the publication and website referenced therein for the contents thereof.

23. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 23 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 23 of the Complaint, and refers the Court to the publications and website referenced therein for the contents thereof.

24. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 24 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 24 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

25. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 25 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 25 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

26. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 26 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 26 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

27. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 27 of the Complaint.

Wiley denies the remaining allegations contained in Paragraph 27 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

28. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 28 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 28 of the Complaint, and refers the Court to the publications, license and website referenced therein for the contents thereof.

29. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 29 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 29 of the Complaint, and refers the Court to the publications and website referenced therein for the contents thereof.

30. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 30 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 30 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

31. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 31 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 31 of the Complaint, and refers the Court to the publications and websites referenced therein for the contents thereof.

32. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 32 of the Complaint. Wiley denies the remaining allegations contained in Paragraph 32 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

33. Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding copyright registration contained in Paragraph 33 of the Complaint.

Wiley denies the remaining allegations contained in Paragraph 33 of the Complaint, and refers the Court to the publication and website referenced therein for the contents thereof.

## COUNT I

### (COPYRIGHT INFRINGEMENT)

34. Wiley repeats and realleges its responses to the allegations set forth in paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Wiley denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint.

36. Wiley denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

37. Wiley denies the allegations contained in Paragraph 37 of the Complaint.

38. Wiley denies the allegations contained in Paragraph 38 of the Complaint.

39. Wiley denies the allegations contained in Paragraph 39 of the Complaint.

40. Wiley denies the allegations contained in Paragraph 40 of the Complaint.

41. Wiley denies the allegations contained in Paragraph 41 of the Complaint.

42. The allegations in Paragraph 42 of the Complaint are Plaintiff's demand for a trial by jury, to which no response is required.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Wiley's use was pursuant to license and/or permission from Plaintiff and/or Plaintiff's agent(s).

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims relate to Wiley's reuse of a photograph in a later edition, revised version, or an electronic version of a work for which Wiley had previously licensed a photograph, such re-use is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable three year statute of limitations for a claim of copyright infringement. 17 U.S.C. § 507(b).

## FIFTH AFFIRMATIVE DEFENSE

Wiley is not liable for the sale by a reseller or other third party of publications that include Plaintiff's photographs.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff does not hold the rights to some or all of the photographs identified in the complaint, and/or has assigned its rights in certain photographs to third-parties, and therefore lacks standing to bring claims with respect to such images.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims, including without limitation its claim to statutory damages and/or attorney's fees, are barred in whole or in part because Plaintiff failed to register the copyright in some or all of the photographs at issue before the alleged commencement of the infringement or within 3 months after the first publication of the work pursuant to 17 U.S.C. § 412.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Wiley's use, if any, of the photographs at issue exceeded rights held by Wiley, such use was made with an innocent intent and without any belief that any acts of Wiley constituted an infringement of copyright.

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

**WHEREFORE**, Wiley requests that the Court issue a judgment dismissing Plaintiff's Complaint, along with an award to Wiley of its costs, disbursements and reasonable attorneys' fees, in addition to such other relief as this Court deems just and proper.

Dated: New York, New York
November 19, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/ Edward H. Rosenthal
Edward H. Rosenthal
Anna Kadyshevich
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com

*Attorneys for Defendant John Wiley & Sons, Inc.*

To: Veronica Mullally Muñoz, Esq.
Clyde A. Shuman, Esq.
PEARL COHEN ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, New York  10036
Tel.: (212) 878-0800
Fax: (212) 878-0801
vmunoz@pearlcohen.com
cshuman@pearlcohen.com

*Attorneys for Plaintiff Palmer/Kane LLC*